**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HARPUSHINDER SINGH, | No. 07-74228 |
| Petitioner, | Agency No. A096-155-992 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010<sup>**</sup>

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Harpushinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order affirming an immigration judge's decision

denying his application for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence, *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006), and we grant the petition for review, and remand.

Substantial evidence does not support the agency's adverse credibility determination, because Singh did not omit from his asylum application that police continued to look for him, *see Zuh v. Mukasey*, 547 F.3d 504, 508 (9th Cir. 2008) (finding no inconsistency in testimony based on a straightforward reading of the record), and his failure to mention in his asylum application that police seized his workshop after he left the country is a minor omission that does not go to the heart of his claim, *see Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009) (omissions must go to the heart of petitioner's claim to support an adverse credibility finding); *see also Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000) ("[T]he mere omission of details is insufficient to uphold an adverse credibility finding."). Accordingly, substantial evidence does not support the agency's adverse credibility determination. *See id.* at 1165.

We grant the petition and remand for further proceedings to determine whether, taking Singh's testimony as true, he is eligible for asylum, withholding of removal, or CAT relief. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009); *INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**